UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONOLITO J. MERRIMAN, *Pro Se*, | ) | Case No.: 1:20 CV 938 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN MAY, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

## I. INTRODUCTION

*Pro se* Plaintiff Monolito J. Merriman, a state prisoner, is presently incarcerated at Richland Correctional Institution ("RCI"). He brings this action pursuant to 42 U.S.C. § 1983 against defendants Warden May, Director Chambers Smith, Aramark Food Service, Ohio Department of Rehabilitation and Corrections ("ODRC"),[1] Deputy Warden Tim Milligan, Deputy Warden Keesha Allen, Deputy Warden R. Azmoun, Unit 2 Manager Mrs. Bradley, Case Manager Ms. Krause, Sergeant Hayes, and Nurse Practitioner Mrs. Wheeler (collectively, "Defendants"). Plaintiff claims that Defendants are discriminating against him because of his race, and raises a myriad of allegations regarding his confinement at RCI.

---

[1] Plaintiff's claim against ODRC is legally implausible and frivolous. As an agency of the State of Ohio, ODRC is not a person subject to suit under § 1983, and is immune from suit in federal court for money damages. *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (applying Eleventh Amendment immunity to state agencies and instrumentalities); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (a state agency is not a "person" subject to suit under § 1983). The ODRC is dismissed from this action pursuant to § 1915(e)(2).

For the reasons that follow, this action is hereby dismissed.

## II. BACKGROUND

The factual allegations advanced by Plaintiff in support of his § 1983 race discrimination claim are wide-ranging, and are detailed in the court's analysis, below. These allegations range from the provision of face masks in connection with the COVID-19 pandemic, to the number of daily meals served at RCI, to Plaintiff's cell and bunk assignment. For relief, Plaintiff seeks to be removed from his current housing assignment in unit five and assigned a bottom bunk in unit 2 (ECF No. 1 at 10), and Seven Million Dollars (ECF No. 3).

## III. LAW AND ANALYSIS

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). While the court must construe the pleading in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998), the court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) also governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564. A plausible pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief on the assumption that all of the allegations in the complaint are true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677-78.

### B. Discussion

### 42 U.S.C. § 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a § 1983 claim, Plaintiff must plausibly allege that a person acting under color of state law deprived him of a right secured by the United States Constitution. *See West v. Atkins*, 487 U.S. 42, 48 (1998). Section 1983 is a vehicle for vindicating federal rights, not a source of substantive rights. Therefore, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff's § 1983 claim is based upon alleged race discrimination. (*See* ECF No. 1 at 8-9; ECF No. 3 at 1). Plaintiff does not specifically allege a deprivation of any other constitutional right or federal law, and the court is not required to construct claims on his behalf. *Grinter*, 532 F.3d at 577.

### Analysis

### *Plaintiff's housing unit and bunk assignment*

Plaintiff's primary claim of race discrimination concerns his housing unit and bunk

-3-

assignment. Plaintiff alleges that he informed Defendants Wheeler, Krause, Hayes, and the unit 2 manager that he had a bottom bunk restriction due to a medical condition and, on March 27 and 31, 2020, pointed out to these Defendants that there were two bottom bunks available in his housing unit, unit 2. (ECF No. 1 at 7). But Plaintiff claims that both bottom bunks in unit 2 were filled with white inmates – one from segregation and one from a different unit. Plaintiff also contends that he is 49 years old and the white inmates assigned the bottom bunks are younger than 47 years old and he should have been assigned a unit 2 bottom bunk. (*Id*. at 10).

Plaintiff states that on Friday, April 3, 2020, Sgt. Hayes came to Plaintiff's cell in unit 2 and, with a "devious smile," told Plaintiff: "Pack your shit, since you want a bottom bunk, I found one for you, you are moving to 5 upper." Plaintiff claims that he was "racially singled out" in connection with his move to unit 5 (which he describes as the worst unit at RCI) and was the only unit 2 African-American moved to unit 5 – other unit 2 African-Americans were moved to units 3 and 4. (*Id.* at 7-8).

"'[P]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race.'" *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," and requires that all persons similarly situated should be treated alike. *See City of Cleburne v. Cleburne Living Center, Inc*., 473 U.S. 432, 439 (1985). "In prison housing, the Equal Protection Clause forbids racial classifications absent compelling justifications and a narrowly tailored plan." *Brand,* 526 F.3d at 924 (citing *Johnson v. California*, 543 U.S. 499, 509 (2005)). While inmates have no right to preferable housing assignments, inmates do have the right

to be free from government-sponsored race discrimination unsupported by a compelling interest. *Id*. To state a claim, Plaintiff must allege sufficient facts to show that Defendants intentionally discriminated against him because of his race. *Id*.

Even with the benefit of liberal construction, Plaintiff's conclusory statements that he did not receive a lower bunk assignment in unit 2 and was assigned a lower bunk in unit 5 because of his race are not supported by factual allegations, taken as true, from which this court may infer a plausible claim that Defendants intentionally discriminated against Plaintiff. Nor does Plaintiff allege any facts from which the court may infer that he and the white inmates who were assigned lower bunks in unit 2 are similarly situated. Left only with Plaintiff's conclusory allegation of race discrimination, the court finds that Plaintiff fails to state a plausible claim upon which relief may be granted, and Plaintiff's claim concerning his unit and bunk assignment is dismissed pursuant to § 1915(e). *See Hill*, 630 F.3d at 471 (to state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face); *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *see also Clark v. Lindemuth*, No. 2:12-CV-159, 2012 WL 5198438, at *6 (W.D. Mich. Oct. 19, 2012) (plaintiff's conclusory assertion that he was discriminated against because of his race is insufficient to state a plausible equal protection claim where he fails to allege any specific facts showing that he was treated differently from "similarly situated" individuals); *Hughes v. Tenn. Dep't of Corr.*, No. 1:15-CV-1306-JDT-CGC, 2017 WL 985952, at *6 (W.D. Tenn. Mar. 13, 2017) (dismissing prisoner's race discrimination claim pursuant to § 1915 where plaintiff alleges that he was discriminated against by defendants because of his race (white) and his religion (Christian) but

fails to identify any specific inmate of a different race or religion who was treated differently under the same circumstances); *cf. Brand*, 526 F.3d at 924 (reversing and remanding dismissal for failure to state a plausible claim where African-American inmate alleged race discrimination when his request to share a cell with a white inmate was denied and defendants' pleadings confirmed that race was a factor in the denial of his request).

Further with respect to unit 5, Plaintiff alleges that the inmates in unit 5 use drugs and that he does not want to be exposed to the harmful chemicals the inmates are smoking and the frequent disturbances in that unit. Plaintiff complained to deputy wardens Milligan, Allen, and Azmoun about drug use on unit 5 but they were not responsive. (ECF No. 1 at 9). Plaintiff does not allege that the deputy wardens' were unresponsive to his complaints because of race. Plaintiff fails to assert a plausible race discrimination claim with respect to his complaints to Milligan, Allen, and Azmoun, and that claim is dismissed pursuant to § 1915(e)(2).[2]

### *Face masks*

In connection with the COVID-19 pandemic, Plaintiff states that warden May promised face masks to the inmates at RCI. Plaintiff alleges that face masks have been provided to RCI staff and elderly inmates, but neither he nor half the RCI inmate population have received the face masks promised by the warden two weeks ago. (ECF No. 1 at 4). He also claims that while social distancing is required in the prison cafeteria but not enforced in the units. (*Id.* at 11). There are no allegations in the complaint from which the court may infer that Plaintiff has not received a face

---

[2] To the extent that Plaintiff is attempting to assert a § 1983 claim against the deputy wardens unrelated to race discrimination, he also fails to state a plausible claim. A prison official whose only role involves the denial of a grievance or complaint, or failure to act, regarding alleged unconstitutional conduct is not liable under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

mask because of his race, and this claim is dismissed pursuant to § 1915(e)(2).

### *Meals*

Plaintiff further alleges that since April 8, 2020, Defendants Chambers-Smith, May, Aramark, and the ODRC began serving the inmates at RCI two meals a day,[3] which are not the required portions and violate his right to three meals a day. Plaintiff states that he is hungry between meals which he believes is damaging his stomach. Plaintiff claims that being served two meals a day is not "right" or "fair" and, "as an inmate, I am being taken advantage of." (*Id.* at 11). Plaintiff also alleges that on April 10, 2020, he was denied a substitute for a fish allergy, which caused him to faint and require medical attention. (*Id*. at 7). Plaintiff does not allege that the frequency of his meals, or the denial of a substitute for fish, is due to discrimination on the basis of his race. Accordingly, Plaintiff fails to state a plausible claim for race discrimination in connection with the food service at RCI and those claims are dismissed pursuant to § 1915(e)(2).[4]

---

[3] Plaintiff states that the inmates are served brunch and dinner. (ECF No. 1 at 11).

[4] To the extent that Plaintiff is attempting to assert an Eighth Amendment claim, he also fails to state a plausible claim. As pertains to meals, the Eighth Amendment is implicated only when the food provided is inadequate "to maintain normal health." *Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977). Plaintiff alleges that he is not receiving the required portions, but offers no facts that support this conclusory statement. Nor does Plaintiff allege any facts that would plausibly support an inference that the meal schedule of brunch and dinner at RCI is insufficient for Plaintiff to maintain normal health. With respect to Plaintiff's allegation that he is hungry between meals, discomfort between meals, alone, does not trigger a constitutional violation. *See Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011). Nor does Plaintiff allege facts that would support a plausible Eighth Amendment claim for deliberate indifference with respect to his food allergy. *See Vartinelli v. Aramark Corr. Servs., LLC*, 796 F. App'x 867, 870 (6th Cir. 2019) (even assuming that prisoner's fish and peanut allergy are objectively serious, prisoner failed to allege facts sufficient to establish the subjective component of a deliberate indifference claim) (citing *Blackmore v. Kalamazoo Cty*., 390 F.3d 890, 895 (6th Cir. 2004)). Similarly, Plaintiff's single conclusory statement that he has been "denied medical services" and has gone "weeks" without his prescription medications (ECF No. 1 at 8-9) is insufficient to state a plausible claim for deliberate indifference to a serious medical need.

## IV.  CONCLUSION

For all of the foregoing reasons, this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

>/S/ SOLOMON OLIVER, JR.
>UNITED STATES DISTRICT COURT

August 20, 2020